IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JINRUN GAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-1025 |
| | ) | |
| SNYDER COMPANIES and | ) | |
| BRICKYARD APARTMENTS | ) | |
| BY SNYDER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on pro se Plaintiff Jinrun Gao's Motion to Compel Production of Documents (d/e 38) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

BACKGROUND

Plaintiff Jinrun Gao alleges that he and his wife Shengju Rong rented an apartment in Bloomington, Illinois, from Defendant Brickyard Apartments by Snyder, LLC (LLC), from January 25, 2007, to February 29, 2008. Amended Complaint (d/e 19), ¶¶ 6. Gao alleges that he and his wife Rong are of American Chinese and Chinese origin. Id. Gao alleges that Defendant Snyder Companies owns LLC (collectively Snyder). Id.

¶ 5.  Gao alleges that in January 2008, cigarette smoke started seeping into his apartment.  His wife, Rong, developed asthma because of the smoke.  Gao alleges that Rong became handicapped, as that term is used in the Fair Housing Act (Act), as a result of her asthma.  Id. ¶¶ 5, 9, 13(c); 42 U.S.C. § 3602(h).  Gao alleges that he and his wife complained and were discriminated against in violation of the Act because of their Chinese ethnicity and also retaliated against because of their assertion of their rights under the Act.  Amended Complaint, ¶¶ 10-15; 42 U.S.C. §§ 3604, 3617.  Gao also alleges that Snyder refused to accommodate his wife's asthma in violation of the Act.  Amended Complaint,  ¶ 13; 42 U.S.C. § 3604(f).  Gao alleges that the discrimination and retaliation was intentional and willful.  Amended Complaint, ¶ 15.  Gao alleges that he is seeking damages for himself and Rong.  Rong did not sign any pleadings and has not made an appearance as a party in the case.

On May 24, 2011, Gao served Plaintiff's First Request to Produce to Defendants.  Motion, attached Plaintiff's First Request to Produce to Defendants (Request).  Snyder responded with some documents and some objections.  The parties conferred to resolve the objections and Snyder resubmitted its response to Gao.  Motion, attached Defendant's Response to Plaintiff's First Request to Produce to Defendants to Re-Submit Responses to this Set of Request for Production (Response).

Snyder then provided another supplemental response. <u>Defendants' Filing of Attachment to Defendants' Response to Motion to Compel For Production of Documents (d/e 42)</u>, attached <u>Defendants' Supplemental Answers to Plaintiff's First Set of Request to Produce (Supplemental Response)</u>. Gao still believes Snyder's response is insufficient and has brought this Motion.

## DISCOVERY PRINCIPLES

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. <u>See</u> <u>Brown-Bey v. United States</u>, 720 F.2d 467, 470-471 (7th Cir.1983); <u>Eggleston v. Chicago Journeymen Plumbers' Local Union 130, U. A.</u>, 657 F.2d 890, 902 (7th Cir.1981); <u>see</u> <u>also</u>, <u>Indianapolis Colts v. Mayor and City Council of Baltimore</u>, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to

the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible."  Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co. Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001).  A party must be diligent in pursuing the perceived inadequacies in discovery. Packman at 647.  However, even an untimely filed motion to compel may still be

allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery.  Id.  Remember, we are talking discovery, <u>not</u> admissibility at trial.

<u>ANALYSIS</u>

Gao asks the Court to compel responses to document Requests Numbered 2, 3, 4, 5, 6, 8, 9, and 12.  The Court addresses each in order.

<u>Request No. 2</u>

Request No. 2 asks for, "Copy of phone call records regarding calls to Defendants' emergency line made by Shengju Rong in late January, 2008."  Snyder's supplemental response provided records of calls on the maintenance line for the months of January and February 2008.  <u>Supplemental Response</u> ¶ 2.  Snyder states that the documents consist of fax transmissions from the service that handles calls after hours for Snyder.  Snyder states that no other responsive documents exist.  Id.  Snyder has provided the responsive documents.  The Motion is denied with respect to Request No. 2.

<u>Request No. 3</u>

Request No. 3 asks for, "All documents on circumstances and responses of every tenant who called Defendants' emergency line since January 1, 2005."  Snyder responded with the same documents used to respond to Request No. 2.  The response is insufficient because the

documents are limited to January and February 2008. Snyder is directed to produce responsive documents that are in its possession that cover the time period since January 1, 2005. Gao alleges discrimination in response to maintenance calls. The documents, therefore, may lead to relevant evidence. Limiting the discovery to documents after January 1, 2005, is a reasonable time limitation to discover evidence regarding the treatment of other tenants. Snyder also complains that the request is overly burdensome. Snyder has the burden to prove its objection, but has provided no evidence to show that the request is burdensome. The objection is, therefore, overruled. The Motion is allowed with respect to Request No. 3.

Request No. 4

Request No. 4 asks for "All documents on circumstances of every case that Defendants denied tenant's requests for regular maintenance since January 1, 2005." Snyder responded that no documents exist because, "Snyder does not deny regular maintenance to any tenant who makes a request for maintenance." Supplemental Response, ¶ 4. The Court cannot require the production of documents that do not exist. The Motion is therefore denied with respect to Request No. 4. Should Gao find evidence that Snyder possesses such documents, he may renew this portion of the Motion.

Request No. 5

Request No. 5 asks for, "All documents on circumstances and solutions to each handicapped tenant since January 1, 2005." Snyder objects that the request is irrelevant. Snyder argues that Gao is the only plaintiff and he is not handicapped. Snyder is correct on this point. Gao is not admitted to practice law before this Court, and so, cannot represent his wife. Rong must personally appear and become a party to this suit if she wants to assert a claim for the alleged failure to accommodate her handicap under the Act.

The request, however, may lead to relevant evidence on the issue of intent to discriminate. Gao alleges that when Gao and Rong asked for an accommodation of Rong's handicap, Defendants' representative refused and said, "'Why do you Chinese people have so many problems?'" Amended Complaint, ¶ 10. This alleged quote may tend to indicate that Snyder was hostile to people of Chinese ethnicity. Evidence of how Defendants accommodated other handicapped tenants may be relevant to prove Snyder's hostility toward people of Chinese ethnicity. Such hostility may be relevant to the issue of intent to discriminate. The treatment of other handicapped tenants is thus discoverable.

The Defendants also argue that the request is overly burdensome because the Defendants would have to review records manually. The

Defendants, however, have not presented any evidence to show the extent of review that would be required. The Defendants, thus, fail to show that the discovery should not be allowed on this basis. The Motion is allowed with respect to Request No. 5. The Defendants are directed to produce the requested material.

Request No. 6

Request No. 6 asks for, "All documents on circumstances and outcome for each tenant who argued with Defendants since January 1, 2005." Gao has limited the phrase "outcome for each tenant who argued with Defendants since January 1, 2005" to mean "whether they were denied to renew lease, or bared [sic] access to clubhouse/office." Motion, at 2. Snyder argues that the request is irrelevant, overly burdensome and unclear. The Court agrees that the term "argued with Defendants" is unclear. The request means any argument between any tenant and any Snyder employee about anything. That request is too broad and too vague to require Snyder to interpret and respond. The Motion is denied with respect to Request No. 6.

Request No. 8

Request No. 8 asks for, "Copies of documents that show Defendants barred JoAnne Teal and Joseph from common facilities (clubhouse and office), if Defendants did so." Snyder responds that it produced its files

concerning JoAnne Teal and Joseph Kennedy.  Response, ¶ 8.  Snyder states that it has no other responsive documents.  The Court cannot require the production of documents that do not exist.  The Motion is therefore denied with respect to Request No. 8.  Should Gao find evidence that Snyder possesses such documents, he may renew this portion of the Motion.

Request No. 9

Request No. 9 asks for, "Copies of all reports, emails, memorandum, notes, records and other written documents between Brickyard Apartments by Snyder, LLC, and its superior (The Snyder Companies) and between staff of Brickyard Apartments by Snyder, LLC, and between Brickyard Apartments by Snyder, LLC and outside persons/entities, regarding this case."  Snyder states that it has produced all responsive documents.  Supplemental Response, ¶ 9.[1]  The Court, again, cannot require the production of documents that do not exist.  The Motion is therefore denied with respect to Request No. 9.  Should Gao find evidence that Snyder possesses such documents, he may renew this portion of the Motion.

---

[1] The Court interprets Snyder's response to mean that it produced all responsive, non-privileged documents.  Snyder is not required to produce confidential communications with its counsel regarding this case.  Such documents are protected by the attorney-client privilege.

Request No. 12

Request No. 12 asks for, "Copies of all reports, memorandum, notes, records, and other written documents related to the incidents on JoAnne Teal and Joseph Kennedy in 2005." Snyder responds that it produced its files concerning JoAnne Teal and Joseph Kennedy. Response, ¶ 12. Snyder states that it has no other documents. The Court cannot require the production of documents that do not exist. The Motion is therefore denied with respect to Request No. 12. Should Gao find evidence that Snyder possesses such documents, he may renew this portion of the Motion.

WHEREFORE, Plaintiff Gao's Motion to Compel Production of Documents (d/e 38) is ALLOWED in part and DENIED in part. Defendants are directed to produce the additional documents required by this Opinion by September 2, 2011.

ENTER: August 17, 2011

      *s/ Byron G. Cudmore*
    BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE