IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JINRUN GAO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-CV-1025 |
| | ) |
| SNYDER COMPANIES and | ) |
| BRICKYARD APARTMENTS | ) |
| BY SNYDER, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on pro se Plaintiff Jinrun Gao's Motion to Compel Answers to Interrogatories (d/e 43) (Motion 43); Motion to Compel Production of Documents (d/e 44) (Motion 44); Motion to Renew Portion of Motion to Compel Production of Documents (d/e 46) (Motion 46); and Plaintiff's Motion for Extension of Time (d/e 47) (Motion 47). For the reasons set forth below, Motions 43 and 47 are ALLOWED in part and DENIED in part, and Motions 44 and 46 are DENIED.

## BACKGROUND

Plaintiff Jinrun Gao alleges that he and his wife Shengju Rong rented an apartment in Bloomington, Illinois, from Defendant Brickyard Apartments by Snyder, LLC (LLC), from January 25, 2007, to February 29,

2008. Amended Complaint (d/e 19), ¶¶ 6. Gao alleges that he and his wife Rong are of American Chinese and Chinese origin. Id. Gao alleges that Defendant Snyder Companies owns LLC (collectively Snyder). Id. ¶ 5. Gao alleges that in January 2008, cigarette smoke started seeping into his apartment. His wife, Rong, developed asthma because of the smoke. Gao alleges that Rong became handicapped, as that term is used in the Fair Housing Act (Act), as a result of her asthma. Id. ¶¶ 5, 9, 13(c); 42 U.S.C. § 3602(h). Gao alleges that he and his wife complained and were discriminated against in violation of the Act because of their Chinese ethnicity and also retaliated against because of their assertion of their rights under the Act. Amended Complaint, ¶¶ 10-15; 42 U.S.C. §§ 3604, 3617. Gao also alleges that Snyder refused to accommodate his wife's asthma in violation of the Act. Amended Complaint, ¶ 13; 42 U.S.C. § 3604(f). Gao alleges that the discrimination and retaliation was intentional and willful. Amended Complaint, ¶ 15. Gao alleges that he is seeking damages for himself and Rong. Rong did not sign any pleadings and has not made an appearance as a party in the case.

On July 6, 2011, Gao served Plaintiff's Second Set of Interrogatories and his Second Request to Produce to Snyder. Motion 43, attached Plaintiff's Second Set of Interrogatories to Defendants; Motion 44, attached Plaintiff's Second Request to Produce to Defendants. Snyder responded.

Gao believes some of the responses were inadequate.  The parties conferred to resolve their differences.  Gao still believes Snyder's responses are insufficient and has brought Motions 43 and 44.

Gao filed Motion 46 in response to this Court's Opinion entered August 17, 2011 (d/e 45) (Opinion).  Gao had asked the Court to compel Defendants to produce "documents that show Defendants barred JoAnne Teal and Joseph Kennedy from common facilities (clubhouse and office), if Defendants did so."  Motion 46, ¶ A.  The Court denied the request because Snyder stated that they had produced all responsive documents.  Opinion, at 9.  The Court stated that Gao could renew the request if he had evidence that Snyder possesses such documents.  Id.

Gao renews request in Motion 46 based on the deposition testimony of Snyder's Assistant Manager Lindsay Thacker.  Gao and Thacker had the following colloquy regarding Teal and Kennedy:

> Q. . . .
> Next question.  Joanne Teal and Joseph Kennedy, were these persons, Joanne Teal and Joseph Kennedy, banned from the clubhouse and the office in 2005?
>
> . . . .
>
> A. I don't know– they were banned, but I don't know what year they were banned.  Yes.
>
> Q. Your answer is yes?

> A. I don't know what year they were banned, but they both were banned from the clubhouse at one point.
>
> Q. Just make sure. Do you have a document to prove that?
>
> A. Yes. Documents, is that what you're asking?
>
> Q. Yes.
>
> A. Yes.

Motion 46, attached, Excerpt of the Deposition of Lindsay Thacker, at 17-18. Based on Thacker's responses, Gao renewed the request for documents regarding Teal and Kennedy.

Finally, Gao asks for an extension of time to complete discovery because several requests remain outstanding. Snyder objects to any extension of the time to conduct discovery.

## DISCOVERY PRINCIPLES

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, U. A., 657 F.2d 890, 902

(7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

> [I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.

Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co. Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. <u>Packman v. Chicago Tribune Co.</u>, 267 F.3d 628, 646 (7th Cir. 2001). A party must be diligent in pursuing the perceived inadequacies in discovery. <u>Packman</u> at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. <u>Id</u>. Remember, we are talking discovery, <u>not</u> admissibility at trial.

## ANALYSIS

I. <u>Motion 43</u>

Gao asks the Court to compel responses to Interrogatory Numbers 2, 6, and 7. The Court addresses each in order.

    A. <u>Interrogatory 2</u>

This interrogatory asked,

> Did Defendants ever bar white tenants from the clubhouse and office? Did Defendants ever bar white tenants from the clubhouse and office since January 1, 2005?

<u>Motion 43</u>, at 1, quoting Interrogatory 1.

Snyder responded,

> The Defendants did bar JoAnn Teal and Joseph Kennedy from certain parts of the property. Those documents evidencing such have already been provided to the Plaintiff. Both JoAnn Teal and Joseph Kennedy are white.

Motion 43, attached Answers to Plaintiff's Second Set of Interrogatories to Defendants, at 1.  Gao complains that the interrogatory calls for a yes or no answer, but Snyder did not provide such.  Gao also complains that the response says Teal and Kennedy were barred from certain parts of the property, but the interrogatory asked whether white tenants were barred from the clubhouse and office.

Gao is correct that Snyder did not answer directly "yes" or "no" to the question; however, Snyder stated that Teal and Kennedy were white and were barred.  Snyder further stated elsewhere in its discovery responses that they were barred from the from the clubhouse.  Motion 44, attached Answers to Plaintiff's Second Request to Produce to Defendants ¶ 2 ("[Teal and Kennedy] are the only white tenants barred from the clubhouse in a relevant time frame.").  Because Snyder has provided the information sought by the interrogatory, the motion to compel is denied with respect to this request.

> B. Interrogatory 6

The interrogatory asked,

> Who got the police to the office of Brickyard Apartments on February 2, 2008?  Who said that Lindsay Thacker called 911 and the Bloomington Police Department responded to the apartment complex on February 2, 2008?

Motion 43, at 2, quoting Interrogatory 6.

Snyder responded,

> The maintenance man, Leo Baker, is the representative of the Defendant that called 911 and the Bloomington Police Department. Defendant has already supplied to Plaintiff recordings of that 911 telephone call. It is unknown to the Defendant who represented that Lindsay Thacker call 911. Lindsay Thacker did attempt to call 911 and the Bloomington Police Department, but the Plaintiff's wife prevented her from doing so.

Motion 43, attached Answers to Plaintiff's Second Set of Interrogatories to Defendants, at 2-3. Gao complains that the answer is evasive because Snyder's initial disclosures indicated that Lindsay Thacker called 911. Gao wants to know the source of that representation in Snyder's initial disclosures. Gao is entitled to that information. The motion to compel is allowed with respect to this request. Snyder is directed to identify the person or persons who provided the information that formed the basis of the representation in Snyder's initial disclosures that Lindsay Thacker called 911.

    C.    Interrogatory 7

The interrogatory stated,

> Who stated that Officer Quinn and Mike Filippini have knowledge that no 911 call was placed to the Bloomington Police Department by the Plaintiff on February 2, 2008?

Motion 43, at 2, quoting Interrogatory 7.

Snyder responded,

> The Defendant does not know who made any such statement as identified in Interrogatory number 7.

Motion 43, attached <u>Answers to Plaintiff's Second Set of Interrogatories to Defendants</u>, at 3.  Gao complains that the answer is evasive because Snyder's initial disclosure indicated that Officers Quinn and Filippini have knowledge that no 911 call was placed to the Bloomington Police by the Plaintiff.  Gao wants to know who is the source of that representation in Snyder's initial disclosures.  Gao is entitled to that information.  The motion to compel is allowed with respect to this request.  Snyder is directed to identify the person or persons who provided the information that formed the basis of the representation in Snyder's initial disclosures that Officers Quinn and Filippini have knowledge that no 911 call was placed by the Plaintiff to the Bloomington Police on February 2, 2008.

II.    <u>Motion 44</u>

Gao asks the Court to compel responses to Requests to Produce Numbers 2, 3, and 6.  The Court addresses each in order.

   A.    <u>Request No. 2</u>

This request asked for,

> Copies of documents that show that Defendants barred white tenants from the clubhouse and office since January 1, 2005, if Defendants did so.

Motion 44, at 1, quoting Request to Produce No. 2.

Snyder responded,

> Documents concerning request number 2 of the Plaintiff's Second Request to Produce to Defendants have already been provided to the Plaintiff. They include documents in reference to JoAnn Teal and Joseph Kennedy. Those are the only white tenants barred from the clubhouse in a relevant time frame.

Motion 44, attached Answers to Plaintiff's Second Request to Produce to Defendants, at 1.

Gao complains that the documents produced do not show that white tenants were barred from the clubhouse. Gao argues that Thacker stated in her deposition, quoted above, that Snyder had documents that show that Teal and Kennedy were barred from the clubhouse. Gao, thus, contends that Snyder is refusing to produce these documents. Snyder responds that it has produced all the documents it has regarding Teal and Kennedy. Thacker's quoted testimony regarding documents is unclear. She could have been simply clarifying Gao's question or she may have stated that such documents exist. Regardless, she does not identify the documents with any specificity. The Court, thus, cannot identify the documents to which she was referring or determine whether those documents have already been produced. Without more specificity, the Court is not in a position to order Snyder to produce additional documents. Gao may possibly be able to question Thacker at trial about the existence of

documents to which she referred in the deposition, but this portion of Motion 44 is denied.

 B. Request No. 3

This request asked for,

> Copies of documents that can justify the reason(s) for barring Shengju Rong from the clubhouse and office in 2008.

Motion 44, at 2, quoting Request to Produce No. 3

Snyder responded,

> All documents concerning the barring of Shengju Rong form the clubhouse and office in 2008 have already been provided to the Palintiff (sic). They include the letters to the Plaintiff in February, 2008 concerning that event.

Motion 44, attached Answers to Plaintiff's Second Request to Produce to Defendants, at 1.

Gao complains that Snyder has never produced any documents showing that Rong engaged in any disorderly conduct to justify barring her. Snyder responds that it has produced all of the responsive documents in its possession. The Court cannot require the production of documents that do not exist. The Motion is therefore denied with respect to this request.

 C. Request No. 6

This request asked for,

> Names, addresses, phone numbers, and apartment numbers of the tenants of Brickyard apartments who complained against

second-hand smoke in the "H" building in January or February 2008.

Snyder responded,

The Defendant does not have any documents concerning the names, addresses, phone numbers, and apartment numbers of the tenants at Brickyard Apartments who complained against second hand smoke other than those documents provided in request number 5.

Motion 44, attached Answers to Plaintiff's Second Request to Produce to Defendants, at 2. Request number 5 asked for tenant complaints about second hand smoke. Snyder produced a work order and a complaint filed by Gao and his wife. Gao does not challenge the adequacy of the response to Request no. 5.

Gao complains that other tenants complained and Snyder has documents that contain the requested identifying information. Gao claims that the information is on the leases used by Snyder. Snyder responds that its answer is responsive. The parties apparently disagree on whether any other tenant complained about second hand smoke. Gao states that other tenants complained, but has not produced any proof of these complaints. Without some evidence to prove that Snyder's answer is evasive, the Court is not in a position to fashion an order to compel production. The Motion to compel is denied with respect to this request.

III.   Motion 46

Gao asks to renew his motion to compel Snyder to produce documents that show that Teal and Kennedy were barred from the clubhouse and office of the apartment complex. Gao again relies on the quoted statements by Thacker that she had documents to show that these two individuals were so barred. Snyder stated that it produced all of the documents in its possession regarding these two individuals. Gao argues that Snyder must have some other documents because the ones produced do not show that Teal and Kennedy were barred.

As explained above, Thacker's testimony regarding documents is unclear. Regardless, she does not identify the documents. The Court, thus, cannot identify the documents or determine whether those documents have been produced. Without more specificity, the Court is not in a position to order Snyder to produce additional documents. Motion 46 is denied.

IV.   Motion 47

Gao asks for an extension of time to complete discovery because he has requests outstanding to which Snyder has not yet responded. Snyder objects to any extension. The Court will extend the time to conduct fact discovery to October 15, 2011, for the limited purposes of completing responses to any outstanding discovery requests. The time for filing

III.   Motion 46

Gao asks to renew his motion to compel Snyder to produce documents that show that Teal and Kennedy were barred from the clubhouse and office of the apartment complex. Gao again relies on the quoted statements by Thacker that she had documents to show that these two individuals were so barred. Snyder stated that it produced all of the documents in its possession regarding these two individuals. Gao argues that Snyder must have some other documents because the ones produced do not show that Teal and Kennedy were barred.

As explained above, Thacker's testimony regarding documents is unclear. Regardless, she does not identify the documents. The Court, thus, cannot identify the documents or determine whether those documents have been produced. Without more specificity, the Court is not in a position to order Snyder to produce additional documents. Motion 46 is denied.

IV.   Motion 47

Gao asks for an extension of time to complete discovery because he has requests outstanding to which Snyder has not yet responded. Snyder objects to any extension. The Court will extend the time to conduct fact discovery to October 15, 2011, for the limited purposes of completing responses to any outstanding discovery requests. The time for filing

dispositive motions is extended to October 31, 2011. The Scheduling Order (d/e 27) otherwise remains unchanged.

WHEREFORE, Plaintiff Jinrun Gao's Motion to Compel Answers to Interrogatories (d/e 43) and his Motion for Extension of Time (d/e 47) are ALLOWED in part and DENIED in part; his Motion to Compel Production of Documents (d/e 44) and his Motion to Renew Portion of Motion to Compel Production of Documents (d/e 46) are DENIED. The Defendants are directed to provide the additional response as directed in this Opinion by September 30, 2011.

ENTER: September 20, 2011

*s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE